**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

JAMEL MARTINEZ,

                    Plaintiff,           02-CV-0579(Sr)

v.

RICHARD AUGUSTINE, et al.,

                    Defendants.

---

## DECISION AND ORDER

Currently before the Court is plaintiff's application for appointment of counsel pursuant to 28 U.S.C. § 1915(e). Dkt. #69.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

>  5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that while an inmate at the Southport Correctional Facility defendants used excessive force and failed to protect him in connection with an incident that took place on June 24, 2000, in violation of his rights pursuant to the Eighth Amendment to the United States Constitution. Dkt. #1.

In support of his motion for appointment of counsel, plaintiff asserts that he suffers from a severe speech impediment which would render it impossible for him to represent himself during a trial of this matter. Dkt. #69. Plaintiff further argues that the factual and legal issues presented are complex, that he has a very limited knowledge of the applicable law and that due to his confinement in "a long term keep lock unit with no physical access to the facility law library," he is unable to represent himself. *Id*. The Court notes that the instant motion is supported by an affidavit and a memorandum of law containing case citations and legal and factual analysis. *Id*. Additionally, the Court further notes that defendants have filed a motion for summary judgment (including a videotape of the alleged June 24, 2000 incident) (Dkt. #44) and plaintiff filed opposition to that motion complete with color photographs of his injuries and audio recordings of the disciplinary hearing conducted with respect to the Misbehavior Reports issued as a result of the June 24, 2000 incident. Dkt. ##66-68. As with the instant motion, plaintiff's opposition to defendants' motion for summary judgment sets forth extensive factual analysis. Defendants' motion for summary judgment is currently under advisement by this Court.

A review of the instant motion and plaintiff's opposition to defendants' motion for summary judgment reveals that plaintiff has more than capably articulated his legal theories to the Court. Moreover, the factual and legal issues presented in this matter are not complex. Thus, plaintiff has not established that he is unable to represent himself in this matter in its present procedural posture and that the appointment of counsel is warranted at this time under the factors set forth above.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. #69), is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:  Buffalo, New York
        March 25, 2009

s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
